UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELA M.,

            Plaintiff,                      **DECISION AND ORDER**

     v.

                                                 6:20-CV-06254 EAW

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

# INTRODUCTION

      Represented by counsel, Plaintiff Angela M. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 14; Dkt. 17), and Plaintiff's reply (Dkt. 19). For the reasons discussed below, the Commissioner's motion (Dkt. 17) is denied, and Plaintiff's motion (Dkt. 14) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

This action has an unusually long and complex procedural history. Plaintiff protectively filed her application for SSI on January 7, 2009. (Dkt. 9 at 48).[1] The claim was initially denied on May 4, 2009. (*Id.*). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Barry Peffley on October 5, 2010. (*Id.* at 47-48). On October 15, 2010, ALJ Peffley issued an unfavorable decision. (*Id.* at 45-61). Plaintiff requested Appeals Council review; her request was denied on February 13, 2012, making the ALJ's determination the Commissioner's final decision. (*Id.* at 9-15). Plaintiff appealed the matter to this Court and on May 23, 2013, United States District Judge William M. Skretny issued a Decision and Order remanding the matter for further administrative proceedings. (*Id.* at 523-32).

On remand, ALJ John Costello held an additional hearing on August 20, 2013. (*Id.* at 543). On September 23, 2013, ALJ Costello issued a partially favorable decision, finding Plaintiff disabled as of September 1, 2012. (*Id.* at 540-63). The Appeals Council reviewed ALJ Costello's decision and affirmed the finding that Plaintiff was disabled as of September 1, 2021, but remanded the case to ALJ Costello for additional consideration of Plaintiff's condition prior to that date. (*Id.* at 566-68). ALJ Costello held a third hearing on July 12, 2016, and on October 26, 2016, he issued a decision again finding Plaintiff disabled only as of September 1, 2012. (*Id.* at 1641-67). Plaintiff appealed this decision

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

directly to this Court. On October 17, 2018, United States Magistrate Judge Jonathan W. Feldman, on the agreement of the parties, entered a Stipulation and Order remanding the matter for further administrative proceedings. (*Id*. at 1638-39).

On remand, the Appeals Council entered an order on December 31, 2018, limiting the ALJ's review to the issue of disability prior to September 1, 2012, and providing further instructions. (*Id*. at 1632-36). ALJ Michael Devlin held a fourth hearing on September 17, 2019. (*Id*. at 1584). On January 23, 2020, ALJ Devlin issued an unfavorable decision finding that Plaintiff was not disabled from the date of the application through August 31, 2012. (*Id*. at 1581-1601).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir.

1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity

("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since the application date. (Dkt. 9 at 1587).

At step two, the ALJ found that from the application date through August 31, 2012, Plaintiff suffered from the severe impairments of: "plantar fasciitis; degenerative disc disease of the lumbar spine; fibromyalgia; schwannoma; Crohn's diseases; uveitis; diabetes mellitus; obesity; major depressive disorder; cognitive disorder; and anxiety disorder." (*Id.*).

At step three, the ALJ found that from the application date through August 31, 2012, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id*. at 1587-89).

Before proceeding to step four, the ALJ determined that from the application date through August 31, 2012, Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except with the following additional limitations:

> [Plaintiff] could occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk up to two hours in an eight hour day; sit about six hours in an eight hour day; be allowed to stand for one to two minutes after sitting for approximately thirty minutes and be allowed to sit for one to two minutes after standing for approximately fifteen minutes; occasionally push and/or pull ten pounds; occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders/ropes/scaffolds; never work at unprotected heights or near moving machinery; frequently reach bilaterally; frequently operate foot controls bilaterally; understand, remember, and carry out simple instructions and tasks; able to work in a low stress work environment (i.e. no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.); and able to consistently maintain concentration and focus for up to two hours at a time.

(*Id.* at 1589).

At step four, the ALJ found that Plaintiff had no past relevant work.  (*Id*. at 1599). At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that from the application date through August 31, 2012, and taking into account her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including the representative occupations of document preparer, order clerk, and addresser.  (*Id*. at 1599-1600). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act from the application date through August 31, 2012. (*Id.* at 1600-01).

## II.   Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to remand this matter to the Commissioner for further administrative proceedings, arguing that (1) the ALJ failed to properly apply the treating physician rule, (2) the ALJ's mental RFC finding is not supported by substantial evidence, and (3) the ALJ failed to comply with the Appeals Council's order that he consider the severity of Plaintiff's migraine headaches at step two of the sequential evaluation. (Dkt. 14-1). For the reasons that follow, the Court agrees with Plaintiff that the ALJ did not comply with the Appeals Council's order and that remand for further proceedings is accordingly required.

### A.   Failure to Comply with Appeals Council's Order

The Commissioner's regulations require an ALJ considering a matter on remand to "take any action that is ordered by the Appeals Council." 20 C.F.R. § 416.1477(b). "Accordingly, an ALJs failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand." *Tracy v. Colvin*, No. 1:15-CV-00980 (MAT), 2017 WL 279556, at *2 (W.D.N.Y. Jan. 23, 2017) (quotation and alteration omitted); *see also King v. Colvin*, No. 18-CV-6586-MJP, 2020 WL 1080411, at *3 (W.D.N.Y. Mar. 6, 2020) ("An A.L.J.'s failure to comply with the Appeals Council's remand order . . . constitutes reversible error." (collecting cases)).

Here, in its order dated December 13, 2018, the Appeals Council noted that the ALJ's previous decision was erroneous because it "does not contain an evaluation of the severity of migraine headaches." (Dkt. 9 at 1634). The Appeals Council further noted that Plaintiff's primary care physician had diagnosed her with migraines in February 2011, that

Plaintiff testified in 2013 that she "had a migraine headache every day and had been taking . . . migraine medication for about two years," that Plaintiff was treated in February 2012 for a headache that had been ongoing for two days, at which time she reported having headaches once a week for several months, and that Plaintiff also sought emergency room treatment in February 2012 for a headache with photophobia. (*Id.*). The Appeals Council instructed the ALJ to perform a "[f]urther evaluation of the severity of [Plaintiff's] migraine headaches[.]" (*Id.*).

Despite these clear instructions from the Appeals Council, the ALJ made no mention whatsoever of Plaintiff's migraine headaches in making his finding at step two. Instead, he stated without meaningful elaboration that "the overall evidence of record supports a finding that any other condition, not specifically mentioned in this decision, but that may be mentioned briefly in the record is not considered severe." (*Id*. at 1587). This conclusory statement by the AJL "does not comply . . . with the detailed instructions that the ALJ was directed to follow by the Appeals Council." *Almonte v. Apfel*, No. 96 CIV. 1119 (JGK), 1998 WL 150996, at *7 (S.D.N.Y. Mar. 31, 1998).

The Commissioner's response as to the ALJ's failure to consider the severity of Plaintiff's migraines at step two misapprehends the issue. The Commissioner argues that Plaintiff did not demonstrate that her migraines—which the Commissioner inexplicably refers to as mere "headaches" despite Plaintiff having been diagnosed with and treated for migraines—were a severe impairment. (Dkt 17-1 at 18-19). The Commissioner's argument is merely counsel's *post hoc* assessment of the evidence—neither counsel nor the Court can say what the ALJ's determination would have been had he actually

performed the analysis ordered by the Appeals Council. Of particular note, the ALJ failed entirely to assess Plaintiff's testimony regarding her migraines. If the ALJ credited Plaintiff's report that in 2012 she was suffering from one migraine per week, such a finding may well have changed the RFC assessment. On this record, the Court cannot conclude that the ALJ's error was harmless. *See Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) (an ALJ's failure to comply with the Commissioner's regulations is not harmless where "application of the correct standard does not lead inexorably to a single conclusion").

In sum, the ALJ committed legal error by failing to comply with the Appeals Council's instruction to assess the severity of Plaintiff's migraines at step two, and the Court cannot find such error harmless. Remand for further administrative proceedings is thus necessary.

### B. Plaintiff's Remaining Arguments

To the extent Plaintiff identifies other reasons why she contends the ALJ's decision should be vacated, the Court need not reach those arguments because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 17) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 14) is granted to the extent that the matter is remanded for further administrative

proceedings consistent with this Decision and Order.  The Clerk of Court is directed to enter judgment and close this case.

    SO ORDERED.

                                              _____
                                              ELIZABETH A. WOLFORD
                                              United States District Judge

Dated: July 29, 2021
       Rochester, New York